IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ROUND ROCK RESEARCH, LLC,       )
                                )
            Plaintiff,          )
                                )
      v.                        )   C.A. No. 12-569 (SLR)
                                )
SANDISK CORPORATION,            )   **JURY TRIAL DEMANDED**
                                )
            Defendant.          )

### SANDISK CORPORATION'S
### ANSWER, DEFENSES AND COUNTERCLAIMS IN RESPONSE TO
### PLAINTIFF ROUND ROCK RESEARCH, LLC'S AMENDED COMPLAINT

Defendant SanDisk Corporation ("SanDisk") files this Answer to Plaintiff Round Rock

Research, LLC'S ("Round Rock" or "Plaintiff") Amended Complaint, and hereby states as

follows:

### The Parties

1.      Admitted.

2.      Admitted.

### Nature Of The Action

3.      SanDisk admits that Paragraph 3 of the Amended Complaint alleges that this is a

civil action for infringement of eleven United States patents, arising under the Patent Laws of the

United States, 35 U.S.C. § 1 *et seq.* but denies the merits of such.

### Jurisdiction And Venue

4.      Admitted.

5.      SanDisk admits that venue is proper in this district pursuant to 28 U.S.C. §§

1391(b) and (c), and 1400(b).  SanDisk admits that it resides in this district and is subject to

personal jurisdiction in this district.  SanDisk denies it has committed acts of infringement in this district or elsewhere or that Delaware is the most convenient forum to litigate this dispute.

## The Patents-In-Suit

6.  SanDisk admits that United States Patent No. 5,615,159 (the "'159 Patent") is entitled "Memory System With Non-Volatile Data Storage Unit And Method Of Initializing Same" and according to the face of the '159 Patent was apparently issued by the United States Patent and Trademark Office on March 25, 1997.  SanDisk admits that what appears to be a copy of the '159 patent is attached to the Amended Complaint as Exhibit A.  SanDisk denies the remaining allegations of Paragraph 6.

7.  SanDisk admits that United States Patent No. 6,034,440 (the "'440 Patent") is entitled "Method Of Improving Interconnect Of Semiconductor Devices By Utilizing A Flattened Ball Bond" and according to the face of the '440 Patent was apparently issued by the United States Patent and Trademark Office on March 7, 2000.  SanDisk admits that what appears to be a copy of the '440 patent is attached to the Amended Complaint as Exhibit B.  SanDisk denies the remaining allegations of Paragraph 7.

8.  SanDisk admits that United States Patent No. 6,654,847 (the "'847 Patent") is entitled "Top/Bottom Symmetrical Protection Scheme For Flash" and according to the face of the '847 Patent was apparently issued by the United States Patent and Trademark Office on November 25, 2003.  SanDisk admits that what appears to be a copy of the '847 patent is attached to the Amended Complaint as Exhibit C.  SanDisk denies the remaining allegations of Paragraph 8.

9.  SanDisk admits that United States Patent No. 6,728,798 (the "'798 Patent") is entitled "Synchronous Flash Memory With Status Burst Output" and according to the face of the '798 Patent was apparently issued by the United States Patent and Trademark Office on April 27,

2004.  SanDisk admits that what appears to be a copy of the '798 patent is attached to the Amended Complaint as Exhibit D.  SanDisk denies the remaining allegations of Paragraph 9.

10.     SanDisk admits that United States Patent No. 6,845,053 (the "'053 Patent") is entitled "Power Throughput Adjustment In Flash Memory" and according to the face of the '053 Patent was apparently issued by the United States Patent and Trademark Office on January 18, 2005.  SanDisk admits that what appears to be a copy of the '053 patent is attached to the Amended Complaint as Exhibit E.  SanDisk denies the remaining allegations of Paragraph 10.

11.     SanDisk admits that United States Patent No. 6,948,041 (the "'041 Patent") is entitled "Permanent Memory Block Protection In A Flash Memory Device" and according to the face of the '041 Patent was apparently issued by the United States Patent and Trademark Office on September 20, 2005.  SanDisk admits that what appears to be a copy of the '041 patent is attached to the Amended Complaint as Exhibit F.  SanDisk denies the remaining allegations of Paragraph 11.

12.     SanDisk admits that United States Patent No. 7,336,531 (the "'531 Patent") is entitled "Multiple Level Cell Memory Device With Single Bit Per Cell, Re-Mappable Memory Block" and according to the face of the '531 Patent was apparently issued by the United States Patent and Trademark Office on February 26, 2008.  SanDisk admits that what appears to be a copy of the '531 patent is attached to the Amended Complaint as Exhibit G.  SanDisk denies the remaining allegations of Paragraph 12.

13.     SanDisk admits that United States Patent No. 7,692,984 (the "'984 Patent") is entitled "System and Method For Initiating A Bad Block Disable Process In A Non-Volatile Memory" and according to the face of the '984 Patent was apparently issued by the United States Patent and Trademark Office on April 6, 2010.  SanDisk admits that what appears to be a copy of

the '984 patent is attached to the Amended Complaint as Exhibit H.  SanDisk denies the remaining allegations of Paragraph 13.

16. SanDisk admits that United States Patent No. 7,742,344 (the "Roohparvar '344 Patent") is entitled "Method and Apparatus For Improving Storage Performance Using A Background Erase" and according to the face of the Roohparvar '344 Patent was apparently issued by the United States Patent and Trademark Office on June 22, 2010.  SanDisk admits that what appears to be a copy of the Roohparvar '344 patent is attached to the Amended Complaint as Exhibit I.  SanDisk denies the remaining allegations of Paragraph 14.

15. SanDisk admits that United States Patent No. 8,023,344 (the "Kinsley '344 Patent") is entitled "Data Retention Kill Function" and according to the face of the Kinsley '344 Patent was apparently issued by the United States Patent and Trademark Office on September 20, 2011.  SanDisk admits that what appears to be a copy of the Kinsley '344 patent is attached to the Amended Complaint as Exhibit J.  SanDisk denies the remaining allegations of Paragraph 15.

16. SanDisk admits that United States Patent No. 8,060,719 (the "'719 Patent") is entitled "Hybrid Memory Management" and according to the face of the '719 Patent was apparently issued by the United States Patent and Trademark Office on November 15, 2011.  SanDisk admits that what appears to be a copy of the '719 patent is attached to the Amended Complaint as Exhibit K.  SanDisk denies the remaining allegations of Paragraph 16.

17. SanDisk lacks knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17 and therefore denies those allegations.

## ANSWER TO COUNT I

## ALLEGATION OF INFRINGEMENT OF THE '159 PATENT

18. SanDisk refers to and incorporates herein its responses to Paragraphs 1–17.

19.     Denied.

20.     Denied.

21.     Denied.  To the extent the allegations in Paragraph 21 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

22.     SanDisk admits that the original complaint in this action was filed on May 3, 2012.  SanDisk denies the remaining allegations of Paragraph 22.

23.     Denied.

24.     Denied.  To the extent the allegations in Paragraph 24 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

25.     Denied.  To the extent the allegations in Paragraph 25 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

26.     Denied.

27.     Denied.

28.     Denied.

## ANSWER TO COUNT II

## ALLEGATION OF INFRINGEMENT OF THE '440 PATENT

29.     SanDisk refers to and incorporates herein its responses to Paragraphs 1–28.

30.     Denied.

31.     Denied.

32.     Denied. To the extent the allegations in Paragraph 32 are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

33.     SanDisk admits that the original complaint in this action was filed on May 3, 2012. SanDisk denies the remaining allegations of Paragraph 33.

34.     Denied.

35.     Denied. To the extent the allegations in Paragraph 35 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

36.     Denied. To the extent the allegations in Paragraph 36 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

37.     Denied.

38.     Denied.

39.     Denied.

### ANSWER TO COUNT III

### ALLEGATION OF INFRINGEMENT OF THE '847 PATENT

40.     SanDisk refers to and incorporates herein its responses to Paragraphs 1–39.

41.     Denied.

42.     Denied.

43.     Denied.  To the extent the allegations in Paragraph 43 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

44.     SanDisk admits that the original complaint in this action was filed on May 3, 2012.  SanDisk denies the remaining allegations of Paragraph 44.

45.     Denied.

46.     Denied.  To the extent the allegations in Paragraph 46 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

47.     Denied.  To the extent the allegations in Paragraph 47 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

48.     Denied.

49.     Denied.

50.     Denied.

## ANSWER TO COUNT IV

## ALLEGATION OF INFRINGEMENT OF THE '798 PATENT

51.     SanDisk refers to and incorporates herein its responses to Paragraphs 1–50.

52.     Denied.

53.     Denied.

54.      Denied.  To the extent the allegations in Paragraph 54 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

55.      SanDisk admits that the original complaint in this action was filed on May 3, 2012.  SanDisk denies the remaining allegations of Paragraph 55.

56.      Denied.

57.      Denied.  To the extent the allegations in Paragraph 57 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

58.      Denied.  To the extent the allegations in Paragraph 58 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

59.      Denied.

60.      Denied.

61.      Denied.

## ANSWER TO COUNT V

## ALLEGATION OF INFRINGEMENT OF THE '053 PATENT

62.      SanDisk refers to and incorporates herein its responses to Paragraphs 1–61.

63.      Denied.

64.      Denied.

65.     Denied.  To the extent the allegations in Paragraph 65 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

66.     SanDisk admits that the original complaint in this action was filed on May 3, 2012.  SanDisk denies the remaining allegations of Paragraph 66.

67.     Denied.

68.     Denied.  To the extent the allegations in Paragraph 68 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

69.     Denied.  To the extent the allegations in Paragraph 69 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

70.     Denied.

71.     Denied.

72.     Denied.

## ANSWER TO COUNT VI

## ALLEGATION OF INFRINGEMENT OF THE '041 PATENT

73.     SanDisk refers to and incorporates herein its responses to Paragraphs 1–72.

74.     Denied.

75.     Denied.

76.     Denied.  To the extent the allegations in Paragraph 76 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

77.     SanDisk admits that the original complaint in this action was filed on May 3, 2012.  SanDisk denies the remaining allegations of Paragraph 77.

78.     Denied.

79.     Denied.  To the extent the allegations in Paragraph 79 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

80.     Denied.  To the extent the allegations in Paragraph 80 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

81.     Denied.

82.     Denied.

83.     Denied.

## **ANSWER TO COUNT VII**

## **ALLEGATION OF INFRINGEMENT OF THE '531 PATENT**

84.     SanDisk refers to and incorporates herein its responses to Paragraphs 1–83.

85.     Denied.

86.     Denied.

10

87.     Denied.  To the extent the allegations in Paragraph 87 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

88.     SanDisk admits that the original complaint in this action was filed on May 3, 2012.  SanDisk denies the remaining allegations of Paragraph 88.

89.     Denied.

90.     Denied.  To the extent the allegations in Paragraph 90 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

91.     Denied.  To the extent the allegations in Paragraph 91 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

92.     Denied.

93.     Denied.

94.     Denied.

### ANSWER TO COUNT VIII

### ALLEGATION OF INFRINGEMENT OF THE '984 PATENT

95.     SanDisk refers to and incorporates herein its responses to Paragraphs 1–94.

96.     Denied.

97.     Denied.

98.    Denied.  To the extent the allegations in Paragraph 98 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

99.    SanDisk admits that the original complaint in this action was filed on May 3, 2012.  SanDisk denies the remaining allegations of Paragraph 99.

100.    Denied.

101.    Denied.   To the extent the allegations in Paragraph 101 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

102.    Denied.   To the extent the allegations in Paragraph 102 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

103.    Denied.

104.    Denied.

105.    Denied.

### ANSWER TO COUNT IX

### ALLEGATION OF INFRINGEMENT OF THE ROOHPARVAR '344 PATENT

106.    SanDisk refers to and incorporates herein its responses to Paragraphs 1–105.

107.    Denied.

108.    Denied.

109.   Denied.   To the extent the allegations in Paragraph 109 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

110.   SanDisk admits that the original complaint in this action was filed on May 3, 2012.  SanDisk denies the remaining allegations of Paragraph 110.

111.   Denied.

112.   Denied.   To the extent the allegations in Paragraph 112 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

113.   Denied.   To the extent the allegations in Paragraph 113 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

114.   Denied.

115.   Denied.

116.   Denied.

## ANSWER TO COUNT X

## ALLEGATION OF INFRINGEMENT OF THE KINSLEY '344 PATENT

117.   SanDisk refers to and incorporates herein its responses to Paragraphs 1–116.

118.   Denied.

119.   Denied.

120.   Denied.   To the extent the allegations in Paragraph 120 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

121.   SanDisk admits that the original complaint in this action was filed on May 3, 2012.  SanDisk denies the remaining allegations of Paragraph 121.

122.   Denied.

123.   Denied.   To the extent the allegations in Paragraph 123 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

124.   Denied.   To the extent the allegations in Paragraph 124 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

125.   Denied.

126.   Denied.

127.   Denied.

## ANSWER TO COUNT XI

## ALLEGATION OF INFRINGEMENT OF THE '719 PATENT

128.   SanDisk refers to and incorporates herein its responses to Paragraphs 1–127.

129.   Denied.

130.   Denied.

131.   Denied.   To the extent the allegations in Paragraph 131 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

132.   SanDisk admits that the original complaint in this action was filed on May 3, 2012.  SanDisk denies the remaining allegations of Paragraph 132.

133.   Denied.

134.   Denied.   To the extent the allegations in Paragraph 134 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

135.   Denied.   To the extent the allegations in Paragraph 135 of Round Rock's Amended Complaint are directed at entities other than SanDisk, SanDisk lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore SanDisk denies them.

136.   Denied.

137.   Denied.

138.   Denied.

### ANSWER TO PRAYER FOR RELIEF

SanDisk denies that Plaintiff is entitled to any of the relief requested in Paragraphs A through E of its Prayer For Relief.

### DEMAND FOR JURY TRIAL

This averment does not require a response from SanDisk.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pled as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing denials, and without prejudice to SanDisk's right to plead additional defenses as discovery into the facts of the matter warrant, SanDisk hereby asserts the following defenses. SanDisk specifically reserves the right to amend its defenses further as additional information is developed through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

### Non-infringement

SanDisk has not infringed any valid claim of the '159 Patent, the '440 Patent, the '847 Patent, the '798 Patent, the '053 Patent, the '041 Patent, the '531 Patent, the '984 Patent, the Roohparvar '344 Patent, the Kinsley '344 Patent, or the '719 Patent either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

### Patent Invalidity

Claims of the '159 Patent, the '440 Patent, the '847 Patent, the '798 Patent, the '053 Patent, the '041 Patent, the '531 Patent, the '984 Patent, the Roohparvar '344 Patent, the Kinsley '344 Patent, and the '719 Patent are invalid for failure to comply with the Patent Laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## THIRD AFFIRMATIVE DEFENSE

### Prosecution History Estoppel/Prosecution Disclaimer

Prosecution history estoppel and/or prosecution disclaimer preclude any finding of infringement.

## FOURTH AFFIRMATIVE DEFENSE

### Limitation on Damages

The Plaintiff's claims for relief and damages are limited by 35 U.S.C. §§ 286, 287, and/or 288.

## FIFTH AFFIRMATIVE DEFENSE

### Equitable Doctrines

Plaintiff's claims against SanDisk are barred, in whole or in part, by the equitable doctrines of laches, estoppel, and/or waiver.

## SIXTH AFFIRMATIVE DEFENSE

### Costs Unavailable

On information and belief, Plaintiff is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

## SEVENTH AFFIRMATIVE DEFENSE

### License & Patent Exhaustion

Plaintiff's claims are barred, in whole or in part, by express and/or implied licenses, covenants not to sue, and/or patent exhaustion based on one or more agreements previously entered into by Plaintiff and/or predecessors in interest to the patents-in-suit.

## EIGHTH AFFIRMATIVE DEFENSE

### Standing

As to Round Rock's Counts I through XI in its Amended Complaint, to the extent that Round Rock does not have substantially all rights to the patents-in-suit, or its purported assignment is defective for any reason, Round Rock lacks standing to bring this action.

## NINTH AFFIRMATIVE DEFENSE

### Estoppel

As to Round Rock's Counts I through XI in its Amended Complaint, to the extent that Round Rock alleges that SanDisk products infringe the patents-in-suit through compliance with one or more industry standards promulgated by one or more industry standard setting organizations (e.g., JEDEC, ONFi, etc.), Round Rock's ability to recover damages may be limited through Micron Technology Inc.'s participation in such industry standard setting organizations and/or through promises or statements made about the terms under which such patents would be made available for license.

## COUNTERCLAIMS

In further response to the Amended Complaint by Round Rock, SanDisk asserts the following Counterclaims against Round Rock.

## PARTIES

1.      Counterclaimant SanDisk Corporation ("SanDisk") has a principal place of business in Milpitas, California.

2.      On information and belief, Round Rock Research, LLC ("Round Rock") is a Delaware limited liability company with a principal place of business at 26 Deer Creek Lane, Mount Kisco, NY 10549.

## JURISDICTION AND VENUE

3.      These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338.

4.     By filing the Amended Complaint, Round Rock has consented to the personal jurisdiction of this Court.

5.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391.

6.     In view of the filing by Round Rock of this suit and SanDisk's defenses, there exists an actual and justiciable controversy between the parties regarding the validity, and alleged infringement by SanDisk of the '159 Patent, the '440 Patent, the '847 Patent, the '798 Patent, the '053 Patent, the '041 Patent, the '531 Patent, the '984 Patent, the Roohparvar '344 Patent, the Kinsley '344 Patent, and the '719 Patent.

## COUNT I

### Declaratory Judgment of Invalidity of U.S. Patent No. 5,615,159

7.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–6 of its Counterclaims.

8.     An actual controversy exists between the parties with respect to the invalidity of the '159 Patent.

9.     Although Round Rock alleges in its Amended Complaint that the '159 Patent was duly and legally issued by the United States Patent and Trademark Office, claims of the '159 Patent are invalid for failure to comply with the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## COUNT II

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,034,440

10.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–9 of its Counterclaims.

11.     An actual controversy exists between the parties with respect to the invalidity of the '440 Patent.

12.     Although Round Rock alleges in its Amended Complaint that the '440 Patent was duly and legally issued by the United States Patent and Trademark Office, claims of the '440 Patent are invalid for failure to comply with the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## COUNT III

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,654,847

13.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–12 of its Counterclaims.

14.     An actual controversy exists between the parties with respect to the invalidity of the '847 Patent.

15.     Although Round Rock alleges in its Amended Complaint that the '847 Patent was duly and legally issued by the United States Patent and Trademark Office, claims of the '847 Patent are invalid for failure to comply with the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## COUNT IV

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,728,798

16.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–15 of its Counterclaims.

17.     An actual controversy exists between the parties with respect to the invalidity of the '798 Patent.

18.     Although Round Rock alleges in its Amended Complaint that the '798 Patent was duly and legally issued by the United States Patent and Trademark Office, claims of the '798 Patent are invalid for failure to comply with the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## COUNT V

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,845,053

19.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–18 of its Counterclaims.

20.     An actual controversy exists between the parties with respect to the invalidity of the '053 Patent.

21.     Although Round Rock alleges in its Amended Complaint that the '053 Patent was duly and legally issued by the United States Patent and Trademark Office, claims of the '053 Patent are invalid for failure to comply with the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## COUNT VI

### Declaratory Judgment of Invalidity of U.S. Patent No. 6,948,041

22.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–21 of its Counterclaims.

23.     An actual controversy exists between the parties with respect to the invalidity of the '041 Patent.

24.     Although Round Rock alleges in its Amended Complaint that the '041 Patent was duly and legally issued by the United States Patent and Trademark Office, claims of the '041

Patent are invalid for failure to comply with the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## COUNT VII

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,336,531

25.    SanDisk incorporates by reference the allegations contained in Paragraphs 1–24 of its Counterclaims.

26.    An actual controversy exists between the parties with respect to the invalidity of the '531 Patent.

27.    Although Round Rock alleges in its Amended Complaint that the '531 Patent was duly and legally issued by the United States Patent and Trademark Office, claims of the '531 Patent are invalid for failure to comply with the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## COUNT VIII

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,692,984

28.    SanDisk incorporates by reference the allegations contained in Paragraphs 1–27 of its Counterclaims.

29.    An actual controversy exists between the parties with respect to the invalidity of the '984 Patent.

30.    Although Round Rock alleges in its Amended Complaint that the '984 Patent was duly and legally issued by the United States Patent and Trademark Office, claims of the '984 Patent are invalid for failure to comply with the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## COUNT IX

### Declaratory Judgment of Invalidity of U.S. Patent No. 7,742,344

31.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–30 of its Counterclaims.

32.     An actual controversy exists between the parties with respect to the invalidity of the Roohparvar '344 Patent.

33.     Although Round Rock alleges in its Amended Complaint that the Roohparvar '344 Patent was duly and legally issued by the United States Patent and Trademark Office, claims of the Roohparvar '344 Patent are invalid for failure to comply with the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## COUNT X

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,023,344

34.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–33 of its Counterclaims.

35.     An actual controversy exists between the parties with respect to the invalidity of the Kinsley '344 Patent.

36.     Although Round Rock alleges in its Amended Complaint that the Kinsley '344 Patent was duly and legally issued by the United States Patent and Trademark Office, claims of the Kinsley '344 Patent are invalid for failure to comply with the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## COUNT XI

### Declaratory Judgment of Invalidity of U.S. Patent No. 8,060,719

37.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–36 of its Counterclaims.

38.     An actual controversy exists between the parties with respect to the invalidity of the '719 Patent.

39.     Although Round Rock alleges in its Amended Complaint that the '719 Patent was duly and legally issued by the United States Patent and Trademark Office, claims of the '719 Patent are invalid for failure to comply with the Patent Laws, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and 113.

## COUNT XII

### Declaratory Judgment of Non-infringement of U.S. Patent No. 5,615,159

40.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–39 of its Counterclaims.

41.     An actual controversy exists between the parties with respect to the alleged infringement of the '159 Patent.

42.     Although Round Rock alleges in its Amended Complaint that SanDisk has infringed the claims of the '159 Patent, SanDisk has not infringed any claim of the '159 Patent.

## COUNT XIII

### Declaratory Judgment of Non-infringement of U.S. Patent No. 6,034,440

43.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–42 of its Counterclaims.

44.     An actual controversy exists between the parties with respect to the alleged infringement of the '440 Patent.

45.     Although Round Rock alleges in its Amended Complaint that SanDisk has infringed the claims of the '440 Patent, SanDisk has not infringed any claim of the '440 Patent.

## COUNT XIV

### Declaratory Judgment of Non-infringement of U.S. Patent No. 6,654,847

46.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–45 of its Counterclaims.

47.     An actual controversy exists between the parties with respect to the alleged infringement of the '847 Patent.

48.     Although Round Rock alleges in its Amended Complaint that SanDisk has infringed the claims of the '847 Patent, SanDisk has not infringed any claim of the '847 Patent.

## COUNT XV

### Declaratory Judgment of Non-infringement of U.S. Patent No. 6,728,798

49.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–48 of its Counterclaims.

50.     An actual controversy exists between the parties with respect to the alleged infringement of the '798 Patent.

51.     Although Round Rock alleges in its Amended Complaint that SanDisk has infringed the claims of the '798 Patent, SanDisk has not infringed any claim of the '798 Patent.

## COUNT XVI

### Declaratory Judgment of Non-infringement of U.S. Patent No. 6,845,053

52.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–51 of its Counterclaims.

53.     An actual controversy exists between the parties with respect to the alleged infringement of the '053 Patent.

54.     Although Round Rock alleges in its Amended Complaint that SanDisk has infringed the claims of the '053 Patent, SanDisk has not infringed any claim of the '053 Patent.

## COUNT XVII

### Declaratory Judgment of Non-infringement of U.S. Patent No. 6,948,041

55.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–54 of its Counterclaims.

56.     An actual controversy exists between the parties with respect to the alleged infringement of the '041 Patent.

57.     Although Round Rock alleges in its Amended Complaint that SanDisk has infringed the claims of the '041 Patent, SanDisk has not infringed any claim of the '041 Patent.

## COUNT XVIII

### Declaratory Judgment of Non-infringement of U.S. Patent No. 7,336,531

58.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–57 of its Counterclaims.

59.     An actual controversy exists between the parties with respect to the alleged infringement of the '531 Patent.

60.     Although Round Rock alleges in its Amended Complaint that SanDisk has infringed the claims of the '531 Patent, SanDisk has not infringed any claim of the '531 Patent.

## COUNT XIX

### Declaratory Judgment of Non-infringement of U.S. Patent No. 7,692,984

61.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–60 of its Counterclaims.

62.     An actual controversy exists between the parties with respect to the alleged infringement of the '984 Patent.

63.     Although Round Rock alleges in its Amended Complaint that SanDisk has infringed the claims of the '984 Patent, SanDisk has not infringed any claim of the '984 Patent.

## COUNT XX

### Declaratory Judgment of Non-infringement of U.S. Patent No. 7,742,344

64.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–63 of its Counterclaims.

65.     An actual controversy exists between the parties with respect to the alleged infringement of the Roohparvar '344 Patent.

66.     Although Round Rock alleges in its Amended Complaint that SanDisk has infringed the claims of the Roohparvar '344 Patent, SanDisk has not infringed any claim of the Roohparvar '344 Patent.

## COUNT XXI

### Declaratory Judgment of Non-infringement of U.S. Patent No. 8,023,344

67.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–66 of its Counterclaims.

68.     An actual controversy exists between the parties with respect to the alleged infringement of the Kinsley '344 Patent.

69.     Although Round Rock alleges in its Amended Complaint that SanDisk has infringed the claims of the Kinsley '344 Patent, SanDisk has not infringed any claim of the Kinsley '344 Patent.

## COUNT XXII

### Declaratory Judgment of Non-infringement of U.S. Patent No. 8,060,719

70.     SanDisk incorporates by reference the allegations contained in Paragraphs 1–69 of its Counterclaims.

71.     An actual controversy exists between the parties with respect to the alleged infringement of the '719 Patent.

72.     Although Round Rock alleges in its Amended Complaint that SanDisk has infringed the claims of the '719 Patent, SanDisk has not infringed any claim of the '719 Patent.

## DEMAND FOR JURY TRIAL

SanDisk hereby demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, SanDisk prays for the following relief:

A.     That Round Rock's claims against SanDisk be dismissed with prejudice and that Round Rock take nothing by way of its Amended Complaint;

B.     That judgment be rendered in favor of SanDisk;

C.     For a declaration that SanDisk has not infringed any claim of the patents-in-suit;

D.     For a declaration that the claims of the patents-in-suit asserted by Round Rock are invalid;

E.      For an order finding this case exceptional pursuant to 35 U.S.C. § 285 and awarding SanDisk its reasonable attorneys' fees;

F.      That SanDisk be awarded its costs of suit incurred in this action; and

G.      For such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Christopher V. Ryan
VINSON & ELKINS LLP
2801 Via Fortuna
Suite 100
Austin, TX  78746-7568
(512) 542-8400

Chuck P. Ebertin
VINSON & ELKINS LLP
525 University Avenue
Suite 410
Palo Alto, CA  94301-1918
(650) 687-8200

July 9, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2012, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on July 9, 2012, upon the following in the manner indicated:

Brian E. Farnan, Esquire                                    *VIA ELECTRONIC MAIL*
FARNAN LLP
919 North Market Street
12th Floor
Wilmington, DE  19801

John T. Hohenthaner, Esquire                                *VIA ELECTRONIC MAIL*
John C. Spaccarotella, Esquire
Ameet A. Modi, Esquire
DESMARAIS LLP
230 Park Avenue
New York, NY  10169


Jack B. Blumenfeld (#1014)